UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTINE J. GOULD

VS

CASE NO. 06-5555.
(JURY TRIAL DEMANDED)

RETRIEVAL-MASTERS CREDITORS BUREAU, INC
d/b/a RMCB COLLECTION AGENCY

**VERIFIED COMPLAINT**

The Plaintiff brings this Verified Complaint pursuant to the Fair Debt Collection Practices Act, 15 USC § 1692, *et seq.*, and for cause alleges as follows:

1. The Plaintiff, CHRISTINE J. GOULD, is, and at all times relevant to this cause of action was, a resident of the State of Rhode Island, residing at 70 Roslyn Avenue, Cranston, Rhode Island, and a "consumer" within the meaning of 15 USC § 1692a(3).

2. Upon information and belief, the Defendant, RETRIEVAL-MASTERS CREDITORS BUREAU, INC d/b/a RMCB COLLECTION AGENCY, is, and at all times relevant to this cause of action was, a New York corporation, doing business in the State of Rhode Island, with a principal place of business located at 2269 S. Saw Mill River Road, Building #3, Elmsford, New York, and a "debt collector" within the meaning of 15 USC § 1692a(6).

3. This Court has subject matter jurisdiction in this action pursuant to 28 USC § 1331 (general federal question) and 15 USC § 1692k (Fair Debt Collection Practices Act).

4. This Court has personal jurisdiction over the Defendant since it conducts business in the State of Rhode Island.

5. This Court is the proper venue for this action.

STATEMENT OF FACTS

6. On or about March 8, 2006, the Defendant sent to the Plaintiff, through the use of the US

mails, the correspondence attached hereto as Exhibit 1, on behalf of its client Skye Alexander, seeking collection of $96.75, a "debt" within the meaning of 15 USC § 1692a(5).

7. Said correspondence is a "communication" within the meaning of 15 USC § 1692a(3).

8. By said correspondence, the Defendant seeks from the Plaintiff, collection of said amount on behalf of its client.

9. Pursuant to 15 USC § 1692g(b), the Plaintiff has disputed the validity of said debt, and the Defendant has failed to provide timely verification of same.

10. The Plaintiff denies that she owes the Defendant and its client said sum, and maintains that she has committed no act which would create any liability, contractual or otherwise, that would entitle the Defendant and its client to said sum.

COUNT ONE

11. The Plaintiff re-alleges and incorporates paragraphs 1 through 10 of this Verified Complaint, contained inclusive, as if fully set forth herein.

12. The Defendant's March 8th, 2006 correspondence sent to the Plaintiff violates 15 USC § 1692e(2) because the debt sought by the Defendant in same is devoid of any basis in law or fact.

COUNT TWO

13. The Plaintiff re-alleges and incorporates paragraphs 1 through 12 of this Verified Complaint, contained inclusive, as if fully set forth herein.

14. The Defendant's March 8th, 2006 correspondence sent to the Plaintiff violates 15 USC § 1692e(5) because the debt sought by the Defendant in same is devoid of any basis in law or fact.

COUNT THREE

15. The Plaintiff re-alleges and incorporates paragraphs 1 through 14 of this Verified Complaint, contained inclusive, as if fully set forth herein.

16. The Defendant's March 8th, 2006 correspondence sent to the Plaintiff violates 15 USC § 1692e(10) because the debt sought by the Defendant in same is devoid of any basis in law or fact.

COUNT FOUR

17. The Plaintiff re-alleges and incorporates paragraphs 1 through 16 of this Verified Complaint, contained inclusive, as if fully set forth herein.

18. The Defendant's March 8th, 2006 correspondence sent to the Plaintiff violates 15 USC § 1692f(1) because the debt sought by the Defendant in same is devoid of any basis in law or fact.

WHEREFORE, the Plaintiff demands that judgment enter for the Plaintiff and against the Defendant as follows:

(1) A Declaratory Judgment that the Defendant's conduct alleged herein violates the Fair Debt Collection Practices Act, 15 USC § 1692, *et seq*;

(2) Statutory damages pursuant to 15 USC § 1692k; and,

(3) Interest, costs and reasonable attorney's fees pursuant to 15 USC § 1692k.

The Plaintiff hereby demands a trial by jury and designates Michael S. Pezzullo, Esquire as trial counsel.

VERIFICATION

I, CHRISTINE J. GOULD, hereby state that I am the Plaintiff in the above-captioned action, and hereby acknowledge that I have read the foregoing Verified Complaint. Based upon my personal knowledge, the allegations set forth herein are true, except for those allegations made upon information and belief, which allegations I believe to be true.

Christine J. Gould

CHRISTINE J. GOULD
Plaintiff/Affiant

Subscribed and sworn to before me this 21st day of December, 2006

MICHAEL S. PEZZULLO
Notary Public (40055)
State of Rhode Island
My Commission Expires 10/16/2008

Notary Public
Print Name: __________
My Commission expires: __________

Plaintiff,
by her Attorney,

Michael S. Pezzullo (5489)
303 Jefferson Boulevard
Warwick RI 02888
Tel: 401-921-4800
Fax: 401-921-4805

December 21, 2006
Date